Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANTONIO OWENS**, | ) Case No.: |
| | ) |
| Plaintiff | ) **COMPLAINT FOR DAMAGES** |
| v. | ) **1. VIOLATION OF THE FAIR** |
| | ) **DEBT COLLECTION PRACTICES** |
| **AFNI, INC.**, | ) **ACT, 15 U.S.C. §1692 ET. SEQ.;** |
| | ) **2. VIOLATION OF THE** |
| Defendant | ) **ROSENTHAL FAIR DEBT** |
| | ) **COLLECTION PRACTICES ACT,** |
| | ) **CAL. CIV. CODE §1788 ET. SEQ.;** |
| | ) **3. VIOLATION OF THE** |
| | ) **TELEPHONE CONSUMER** |
| | ) **PROTECTION ACT, 47 U.S.C. §227** |
| | ) **ET. SEQ.** |
| | ) |
| | ) **JURY TRIAL DEMANDED** |

## COMPLAINT

ANTONIO OWENS ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against AFNI, INC. ("Defendant").

- 1 -

# INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* ("RFDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

# JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. This court has supplemental jurisdiction over Plaintiff's state law RFDCPA claim pursuant to 28 U.S.C. § 1367(a).

4. Defendant conducts business in the State of California and as such, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

# PARTIES

6. Plaintiff is a natural person residing in Los Angeles, California.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

8. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See §1692(k)(a) and <u>Wenrich v. Cole</u>, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

9. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

10. Defendant is a national debt collection company with its corporate headquarters located at 404 Brock Drive, P.O. Box 3427, Bloomington, Illinois 61702.

11. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

12. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

14. Plaintiff has a cellular telephone.

15. Plaintiff has only used this phone as a cellular telephone.

16. Beginning in, around, or before February 2018 and continuing through at least late April 2018, Defendant called Plaintiff's cellular telephone

multiple times per week in their attempts to collect a debt from him.

17. Plaintiff does not have any business debts, so the debt that Defendant has been calling Plaintiff regarding could only have been incurred for personal, family or household purposes.

18. Defendant's collectors, contacted Plaintiff from numbers, including but not limited to: (877) 820-4552. The undersigned has confirmed this number is Defendant's telephone number.

19. During this time, Defendant placed calls to Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

20. Plaintiff knew Defendant was using an automated telephone dialing system and/or pre-recorded voice as calls began with a silence or pause with no caller on the line before being transferred to a representative or terminating.

21. Defendant's calls were not for emergency purposes, but to collect money.

22. Shortly after the calls started, Plaintiff told the Defendant to stop calling.

23. Once Defendant was informed that its calls were unwanted and Plaintiff desired the calls to stop, there was no lawful to making further calls, nor was there any good faith reason to place calls, and any further calls could only have been placed for the purpose of harassing Plaintiff.

24. Rather than restrict its calls from Plaintiff's cellular telephone number, Defendant continued to call Plaintiff through the end of April 2018.

25. Plaintiff found Defendant's calls to be harassing, invasive, annoying, aggravating, frustrating, and upsetting.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA

26. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

27. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

28. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in a telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

29. Defendant violated §§ 1692d and 1692d(5) when it placed repetitive and excessive telephone calls to Plaintiff's cellular telephone within the one year period preceding the filing of this Complaint knowing at all times that its calls were unwanted.

## COUNT II
## DEFENDANT VIOLATED THE
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

31. Section 1788.17 of the California Civil Code mandates that every debt collector attempting to collect a consumer debt shall comply with § 1692b through § 1692j of the FDCPA.

32. Defendant violated Cal. Civ. Code § 1788.17, when it violated the FDCPA for the reasons set forth in Count I of this Complaint.

## COUNT III
## DEFENDANT VIOLATED THE TCPA

33. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

34. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

35. Defendant's calls to Plaintiff were not made for emergency purposes.

36. After Plaintiff told Defendant to stop calling, Defendant knew or should have known it did not have consent to call and that any consent it thought it

had to call was revoked, making all further calls knowing and willful violations of the TCPA.

37. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

38. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

39. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, ANTONIO OWENS, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1) and Cal. Civ. Code § 1788.30(a);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Statutory damages of $1,000.00 for the violation of the RFDCPA pursuant to Cal. Civ. Code § 1788.30(b);

    d.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3) and Cal. Civ. Code § 1788.30(c);

    e.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    f.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    g.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    h.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    i.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ANTONIO OWENS, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

|  |  |
|---|---|
|  | RESPECTFULLY SUBMITTED, |
| Date: 3/15/19 | By: /s/ Amy L. Bennecoff Ginsburg<br>Amy L. Bennecoff Ginsburg<br>Kimmel & Silverman, P.C.<br>30 East Butler Pike<br>Ambler, Pennsylvania 19002<br>Phone: (215) 540-8888<br>Facsimile: (877) 788-2864<br>Email: aginsburg@creditlaw.com |

PLAINTIFF'S COMPLAINT